John P. Kellogg & another *vs.* Dexter Moore.

In an action on a bill of exchange accepted by the defendant, the consideration of which was a sale of spirituous liquors to him by the plaintiffs in the State of New York, proof that the liquors were sent upon a written order from the defendant, in which he stated that he wished them to sell *again,* and that he had a few friends who were in the habit of getting their supplies from him, and requested that they should be forwarded to a railroad station in another town from that in which he lived, marked in cipher, is insufficient to defeat the action.

Contract upon a bill of exchange drawn by the plaintiffs on the defendant and accepted by him. The defence was that the

consideration of the bill of exchange was the price of intoxi-
cating liquors sold in the city of New York by the plaintiffs to
the defendant, to be by him sold in this commonwealth in vio-
lation of law, they having reasonable cause to believe that the
defendant entertained such illegal purpose.

At the trial in the superior court, before *Wilkinson,* J., the
execution of the order having been proved, the defendant put
in evidence a letter from him to the plaintiffs, dated at Leverett,
Mass., as follows: " I am in want of some nice S. Cx. rum, and
some old rye whiskey. If you can send me a pure article, you
may forward to Deerfield depot, one bbl. rum, one bbl. o. r.
whiskey, marked '/m\, Deerfield, Mass.,' and I will remit amount
within thirty days. Give them to me at as low a figure as pos-
sible, as I want them to sell again, and be sure that they are
pure. I want the whiskey to be of a dark color, undistilled, and
a fine flavor, and not above eighty five cents per gallon; the rum
is staple, and you know what I want as well as I could tell
you. I have a few friends who are in the habit of getting their
supplies from me, and always depend upon getting something
nice, and I of course want to make something for my trouble.
Please try and suit me. If you wish for reference, you can in-
quire of the Franklin County Bank, Greenfield." It was admit-
ted that this letter was received by the plaintiffs in New York,
and that thereupon they sent the liquors mentioned therein to
the defendant, as requested, and that the liquors so sent were
the only consideration of the bill of exchange.

No other evidence was offered, and the judge ruled that the
plaintiffs were entitled to recover, and a verdict was returned
accordingly. The defendant alleged exceptions.

*W. Griswold,* for the defendant.

*C. C. Conant,* (*D. Aiken* with him,) for the plaintiffs.

HOAR, J. The consideration for the contract upon which this
action was brought, was a sale of intoxicating liquors made by
the plaintiffs, who were residents of the city of New York, to
the defendant in that city. As the sale was lawful where it
was made, the defence can only be maintained by showing that
the liquors were bought for the purpose of illegal keeping or sale

within this commonwealth, and that the plaintiffs knew or had reasonable cause to believe that such purpose was entertained by the defendant. Gen. Sts. *c.* 86, § 61. The judge who presided at the trial ruled that the evidence was wholly insufficient to support this defence, and we think his ruling was right.

The letter upon which the defendant relied contains no evidence that the plaintiffs knew, or were notified, or had any reason to believe that the sale of liquors in Massachusetts by the defendant was prohibited by law. There was no proof in the case that the plaintiffs had ever been in Massachusetts, had ever had any dealings there before, or had any knowledge of our penal legislation. The burden of proof to show that they had was on the defendant, and there was no presumption of law or fact to aid him in sustaining it. Every man is bound and presumed to know the laws of the state or country in which he lives or transacts business; but not of a foreign state or country. If the defendant had furnished any proof that the plaintiffs knew, or had reason to know, that the sale of liquor was prohibited in this commonwealth, except under certain limitations, the suspicious circumstances upon which he relied might have been proper for the consideration of the jury. But the letter gave no intimation of the kind, and no other proof was offered. Failing in this essential point, the case is wholly unlike *Webster* v. *Munger*, 8 Gray, 584. *Exceptions overruled.*